# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD MALLARD, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No: 1:12-cv-263-TWP-MJD |
| | ) |
| SUPERINTENDENT, WABASH | ) |
| VALLEY CORRECTIONAL | ) |
| FACILITY, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus

A federal court may issue a writ of habeas corpus on behalf of a state prisoner only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, petitioner Donald Mallard ("Mallard") has failed to establish his entitlement to relief under this standard. Accordingly, his petition for a writ of habeas corpus must be **denied** and the court finds that a certificate of appealability should not issue. This conclusion rests on the following facts and circumstances:

1. Mallard is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to his convictions for seven counts of robbery. His convictions were affirmed on direct appeal in *Mallard v. State*, No. 71A03-0802-CR-39 (Ind.Ct.App. Aug. 11, 2008)(unpublished) ("*Mallard I*"). The Indiana Supreme Court denied Mallard's petition for transfer. The denial of Mallard's petition for post-conviction relief was affirmed on appeal in *Mallard v. State*, No. 71A03-1006-PC-362 (Ind.Ct.App. May 23, 2011) ("*Mallard II*"). Mallard's petition for transfer was denied on December 11, 2011.

2. The facts associated with Mallard's offenses were summarized in his direct appeal:

> Between April 27 and April 30, 200[6], the following venues in South Bend and Mishawaka were robbed: the 7-Eleven on Lincoln Way West, the 7-Eleven on Eddy Street, the Council Oaks Tobacco Discount Store on Portage, the Speedway gas station on S.R. 933, Low Bob's Discount Tobacco store on Lincoln Way East, the Speedway gas station on Ireland Street, and the Days Inn on S.R. 933. In each instance, Willie Anderson entered the venues and conducted the robberies then fled in a minivan driven by Mallard. With regard to the Days Inn robbery,

Mallard entered the motel before Anderson and asked for "Mr. Smith." Mallard left after Helen Simpson, the front desk supervisor, told him that no one staying at the hotel had that name. Anderson then entered and robbed the motel.

Anderson used a sawed-off shotgun, provided by Mallard, to commit all of the robberies. He wore a blue hoody during the April 27 robberies. After each robbery, Anderson and Mallard split the proceeds, with Mallard usually receiving more than half.

In the course of investigating the robberies, the St. Joseph County Police Department and the South Bend Police Department disseminated reports identifying as suspects two black males traveling in a beige Pontiac minivan. The reports contained a photo of a van similar to the one that witnesses had described as being used in the robberies. Galen Pelletier, a South Bend police officer, observed a minivan resembling that description parked on Van Buren Street. While watching that minivan, Pelletier saw another minivan, which also fit the description sent out by the police department. The second minivan paused for several seconds before proceeding through the intersection and passing Pelletier. Pelletier saw two black males in the vehicle. The passenger was wearing a blue hoody and was slouching down in the seat.

At that point, Pelletier made a traffic stop. Mallard stopped and got out of the vehicle. While Officer Pelletier was waiting for backup, Mallard jumped back into the van, fled the scene, and crashed the van into a fence. Mallard then fled on foot. Officer Pelletier found Anderson in the van with a sawed-off shotgun between his legs. Other officers searched the area and found Mallard underneath a car on a nearby street. Mallard again attempted to flee, but officers caught and handcuffed him.

The State charged Mallard with six counts of robbery, as Class B felonies, and one count of robbery, as a Class C felony. After an evidentiary hearing, the trial court denied Mallard's motion to suppress evidence obtained as a result of the traffic stop. At trial Mallard denied driving the van and renewed his motion to suppress evidence, but the trial court denied that motion. A jury found Mallard guilty on all counts, and the trial court sentenced him to twenty years on the Class B felonies and eight years on the class C felony, to be served consecutively, for an aggregate sentence of 128 years.

*Mallard I*, **at pp.2-4.**

3. Mallard's habeas claims are: (1) trial counsel was ineffective when he failed to challenge an alleged difference between the charging information and the evidence presented at trial; (2) trial counsel failed to properly impeach a witness; (3) trial counsel failed to properly evaluate latent fingerprint examination records; and (4) the prosecution allowed a witness to commit perjury in violation of Mallard's due process rights. All four of these claims were presented in *Mallard II*. In his petition to transfer in *Mallard II,* Mallard presented the questions: (1) whether the Court of Appeals decision fails to review Mallards' actual argument of ineffective assistance of counsel for failing to investigate or present exculpatory evidence, and (2) whether trial counsel was ineffective for failing to subject the State's case to meaningful adversarial testing in failing to properly challenge the charges.

4. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mallard encounters such hurdles in this case.

5. *Ineffective assistance of counsel/charging information.* This claim has been procedurally defaulted on two grounds.

    a. First, in order to have properly preserved his claims for consideration in this court, Mallard was required to fully and properly utilize the appellate processes of the Indiana state courts. This includes timely seeking discretionary review by the Indiana Supreme Court of the decision of the Indiana Court of Appeals. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Hough v. Anderson,* 272 F.3d 878, 892- 93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). As has been noted, Mallard's petition to transfer in *Mallard II* did not include an ineffective assistance of counsel claim related to differences in the charging information and the evidence presented at trial.

    b. Second, the Indiana Court of Appeals found that, "Mallard provides absolutely no citations to the record for any of his arguments and fails to demonstrate he was prejudiced by any of the alleged deficiencies of his trial counsel," citing authority that a party waives an argument on appeal when there is no cogent argument or proper citations to the law and the record. The Indiana Court of Appeals concluded that, "Mallard has waived his argument that his trial counsel was ineffective." *Mallard II*, at p.6. "[W]hen a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily

qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell,* 129 S. Ct. 1769, 1780 (2009). "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)). The rejection of this claim in *Mallard II* rested on an independent and adequate state ground. Mallard does not overcome the procedural hurdle in the finding of waiver. He is therefore not entitled to a review of the merits of this claim.

6. *Ineffective Assistance of Trial Counsel/Failure to properly impeach a witness and evaluate latent fingerprint examination records.* Mallard claims that his trial counsel was ineffective by failing to properly impeach a witness and evaluate latent fingerprint examination records. As set forth above, the Indiana Court of Appeals found that Mallard waived his ineffective assistance of counsel claims in *Mallard II*. "The state law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin,* 131 S. Ct. 1120, 1127 (2011) (citing *Wainwright v. Sykes,* 433 U.S. 72, 81–82, 90 (1977)). Waiver is an independent and adequate state ground of procedural default which bars federal habeas corpus review of Mallard's ineffective assistance of counsel claims.

7. *Due Process.* Mallard claims that the prosecution violated his due process rights when the prosecution allowed perjury by a witness. The Indiana Court of Appeals noted Mallard's claim of prosecutorial misconduct and explained that this was not a proper post-conviction claim. "Here, Mallard has not demonstrated that his arguments were unavailable at the time of trial or direct appeal. Consequently, we will not address the arguments as freestanding claims." *Mallard II*, at p.4.

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims *because the prisoner had failed to meet a state procedural requirement.*" *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991) (emphasis added). Once again, the Indiana Court of Appeals' finding of waiver is an independent and adequate state ground that precludes federal habeas review of Mallard's claim.

**8**.     Mallard has repeatedly encountered the hurdles produced by procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. Therefore, Mallard=s petition for a writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

9.    Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Mallard has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/09/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Donald Mallard**
**#184358**
**Wabash Valley Correctional Facility**
**6908 S. Old US Highway 41**
**P.O. Box 1111**
**Carlisle, IN 47838**

**Henry A. Flores, Jr.**
**Office of the Indiana Attorney General**
**Henry.flores@atg.in.gov**